# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANA CURRY,<br><br>    Defendant. | Case No. CR13-2003<br><br>ORDER FOR PRETRIAL DETENTION |

On the 7th day of February, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Anthony Morfitt. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On January 29, 2013, Defendant Dana Curry was charged by Indictment (docket number 2) with failure to register as a sex offender. At the arraignment on February 5, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 8, 2013.

At the hearing, Deputy Richard Manning of the United States Marshal Service testified regarding the circumstances underlying the instant charge. In 1995, Defendant was convicted of second degree sexual assault in Colorado. He was sentenced to 8 years in prison and required to register as a sex offender. He was released from prison in 2000, and paroled to North Carolina, where he registered as a sex offender. On July 16, 2001, a petition for violation of parole was filed against Defendant for absconding. Inexplicably, however, Defendant was discharged from parole eight days later.

In May 2003, Defendant was living in Wisconsin, where he was charged and later convicted of theft of movable property. Defendant was placed on probation. In November 2003, one month after being placed on probation, Defendant was charged and later convicted of intimidation and battery. Defendant's probation was revoked and he was sentenced to six months on the theft charge and six months on the new charges, to be served consecutively. In February 2005, while still in Wisconsin, Defendant was charged and later convicted of prostitution.

According to Deputy Manning, in 2007, Defendant lived in Iowa, Wisconsin, and Colorado. Manning testified that Defendant registered as a sex offender in each of those states. However, in December 2007, Defendant was charged with failure to register as a sex offender in Wisconsin. An arrest warrant remains outstanding on that charge.

In November 2009, while living in Colorado, Defendant apparently failed to keep his registration as sex offender current in Colorado, and was charged and later convicted of failure to register as a sex offender. Defendant was placed on probation and required to register as a sex offender. However, Defendant failed to register as required, and in July 2010, a violation of probation petition was filed against him. The petition alleged that in June 2010, Defendant failed to register as a sex offender as required, failed to report to probation, failed to take drug tests, failed to maintain employment, and failed to attend sex offender treatment. Thus, in June 2010, Defendant was charged a second time with failure to register as a sex offender in Colorado. On July 8, 2010, arrest warrants were issued on the probation violation petition and the second failure to register as a sex offender charge. Both arrest warrants remain active.

In mid-2010, Defendant left Colorado and moved back to Iowa. His registration as a sex offender in Iowa was placed on "inactive status" in 2009. Defendant failed to register or update his registration in Iowa in 2010. In September 2010, Defendant was

charged and later convicted of interference with official acts.[1] In 2011, Defendant again failed to register or update his registration in Iowa.

On November 27, 2012, Defendant was arrested in Iowa on the outstanding 2007 arrest warrant in Wisconsin. The warrant is not extraditable, however, and the case was closed. On the same date, Deputy Manning spoke with Defendant regarding his failure to register as a sex offender after returning to Iowa in mid-2010. Defendant admitted living in Iowa and not registering when he returned to Iowa. Defendant told Manning that he "wanted to move on" with his life. On November 29, 2012, Defendant registered as a sex offender in Black Hawk County, Iowa.

After Defendant was indicted on the instant federal charge, Deputy Manning and other law enforcement officers went to the address where Defendant had registered. Law enforcement was unable to locate Defendant at this address. Defendant's mother lived at that address, and she told Manning that Defendant had not lived with her for two months. She stated that he was currently living with his girlfriend, and provided an address for her residence. The officers then went to the girlfriend's residence, but could not locate Defendant. The landlord told law enforcement that Defendant lived at that location, and suggested that they look for him at his place of employment, Crown Inc. The officers went to Crown Inc., and spoke with Defendant's girlfriend, who apparently works there. She informed them that Defendant no longer worked at Crown, and was working at Metokote. The officers then went to Metokote, found Defendant, and arrested him.

According to the pretrial services report, Defendant is 41 years old. He was born in Waterloo, Iowa. In the 1990s, Defendant lived in Colorado. Since being released from prison in 2000, Defendant has lived in North Carolina, Colorado, Wisconsin, and Iowa. He told the pretrial services officer that he has primarily lived with his mother in Waterloo

---

[1] According to the pretrial services report, Defendant was stopped in his vehicle by law enforcement. Defendant was unable to provide identification, but told the officer his name and birth date. While the officer was returning to his patrol car, Defendant attempted to flee on foot, but was apprehended after a short foot chase.

for the past year. However, if released, Defendant indicated that he would reside with his girlfriend in Waterloo.[2] Defendant has never been married and he has no children.

Defendant told the pretrial services officer that he started a new job at Metokote two days prior to his arrest on the instant federal indictment. Prior to working at Metokote, Defendant worked for approximately 2 years at Crown, Inc., in Waterloo. Defendant is in good physical health and reports no mental or emotional health concerns. Defendant denied any history of alcohol abuse or use of controlled substances.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of

---

[2] Initially, Defendant's girlfriend told the pretrial services officer that she did not want Defendant to live with her. However, after speaking with Defendant, she informed the pretrial services officer that Defendant could reside with her if he was released.

4

violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with failure to register as a sex offender. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, The weight of the evidence against Defendant is strong. In 1994, Defendant was convicted of a sexual assault requiring him to register as a sex offender. In the past, Defendant has registered as a sex offender in several states and he knew that he was required to register as a sex offender. Defendant has lived "off and on" in Iowa for the past two years, and admitted that he failed to register as a sex offender in Iowa. Two days after speaking with Manning in November 2012, Defendant registered as a sex offender in Black Hawk County.

Defendant lacks firm ties to Iowa. He has lived for substantial amounts of time in Colorado and Wisconsin. Defendant also lacks a stable residence. In the past year, he has lived with his mother and girlfriend. If released, Defendant intended to reside with his girlfriend, but she showed reluctance in having him reside with her. Furthermore, Defendant lacks stable employment. He started a new job two days prior to his arrest on the instant federal indictment. Defendant has outstanding arrest warrants in two different states. Defendant's admission to Manning that he failed to register in Iowa because he wanted to "move on" with his life suggests to the Court that if released, Defendant poses a risk of flight. Based on the serious nature of the offense, and all of the facts and circumstances, the Court finds that there is no condition or combination of conditions that will reasonably assure Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial.

Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 5, 2013) to the filing of this Ruling (February 8, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 8th day of February, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA